# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0289V
UNPUBLISHED

| | |
|---|---|
| MARY SWEARER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 5, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, *for petitioner.*

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, *for respondent.*

### RULING ON ENTITLEMENT[1]

On February 23, 2018, Mary Swearer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a left shoulder injury causally related to the influenza vaccination she received on November 14, 2016.  Petition at ¶¶ 1, 16.  Petitioner further alleges that she received the vaccination in the United States, that she suffered the residual effects of her shoulder injury for more than six months, that she continues to suffer symptoms of her shoulder injury, and that neither she nor any other party has filed a civil action or received compensation for her shoulder injury, alleged to be vaccine caused.  *Id.* at ¶¶ 1, 15, 17, 19-20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 30, 2019, I issued a fact ruling, finding there is preponderant evidence to establish that "the flu vaccination alleged as causal was administered in Petitioner's left deltoid, the onset of Petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination, and Petitioner suffered the residual effects of her injury for more than six months."  Fact Ruling at 1-2 (ECF No. 30).  Subsequently, Respondent indicated he wished to file a Rule 4 report and "is willing to consider a reasonable damages demand, with supporting documentation, in this case."  Status Report, filed Nov. 29, 2019, ECF No. 31.

Respondent has filed his Rule 4 report advising, in light of my factual findings, "he will not defend the case on other grounds during further proceedings before the Office of Special Masters."  Rule 4 Report, filed Jan. 30, 2020, at 2, ECF No. 36.  Specifically, he states that "[w]hile preserving his right to appeal the Chief Special Master's published Fact Ruling, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for Shoulder Injury Related to Vaccine Administration ("SIRVA")."  *Id.* at 2-3.  Respondent adds that "based on the record as it now stands and subject to his right to appeal the factual ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 9-10.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
