# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0289V
UNPUBLISHED

| | |
|---|---|
| MARY SWEARER,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 10, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL,* for petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

On February 23, 2018, Mary Swearer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury causally related to the influenza vaccination she received on November 14, 2016. Petition at ¶¶ 1, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 5, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her left shoulder injury. On April 10, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,862.53. Proffer at 1.[3] In the Proffer, Respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Proffer indicates the parties agreed upon the amount of damages proffered but Respondent reserves his right to appeal my entitlement determination. Proffer at 1 n.1.

Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $65,862.53 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY SWEARER,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 18-289V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 30, 2019, Chief Special Master Corcoran issued a Ruling of Facts, finding that (1) the flu vaccination alleged as causal was administered in petitioner's left deltoid, (2) the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination, and (3) petitioner suffered the residual effects of her injury for more than six months. ECF No. 30, at 1-2. Thereafter, on February 5, 2020, Chief Special Master Corcoran entered a Ruling on Entitlement, finding petitioner, Mary Swearer, entitled to Vaccine Act compensation for her Table SIRVA injury. ECF No. 37.

**I.    Amount of Compensation**

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded $65,862.53.[1] This amount represents

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 5, 2020, entitlement decision.

all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following: [2]

A. Petitioner's Damages

Respondent recommends that the compensation provided to petitioner should be made through:

> a lump sum of **$65,862.53.** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

B. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                    HEATHER L. PEARLMAN
                    Assistant Director
                    Torts Branch, Civil Division

                    <u>s/ KYLE E. POZZA</u>
                    Kyle E. Pozza
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146, Ben Franklin Station
                    Washington, D.C. 20044-0146
                    Tel: (202) 616-3661
                    Fax: (202) 616-4310
                    Email: kyle.pozza@usdoj.gov

Dated: April 10, 2020